Johnson, J.
delivered the opinion of the Court.
If the result of this motion depended entirely on the fact of the minority of the demandant, at the time she is supposed to have renounced her dower in the land, conveyed by her husband to Johnson, I should be disposed to think that a new trial ought not to be granted, notwithstanding that the evidence on her side of the question is very imposing. • The circumstances opposing it were, it appears, positively sworn to, and the conclusion following from them, equally conclusive against her ; *424 constituting as I conceive one of those cases, of which the jury from their knowledge of the parties, and witnesses, were the !e-gitimate and most competent judges. And Í am the less in-dined to weigh this matter very nicely, as I have come to the concjusjon t¡jat a „ew trial must be granted, on the question of law which arises out of the case.
No one who will examine the act of 1795, which prescribes the mode in which a married woman may bar herself of her right of dower, in the lands of which her husband is seized, during their coverture, will feel any hesitation in coming to the conclusion, that the Legislature intended to guard that right with the most jealous care, and to protect her, as far as human- wisdom could, against that influence, which, from the nature of the relation existing between them, the husband must necessarily possess and exercise over the wife, and that too frequently without due regard to her feelings and wishes. To effectuate this object, they have provided a mode, the best, perhaps, of which the subject is susceptible, of ascertaining her wishes, free from this or any other improper influence. She is to be privately and separately examined by a Judge or justice of the quorum ; and it is only upon her own voluntary declaration, thus made, that she acts without other influence than her own free will, that her renunciation is rendered effectual to bar her dower.
In the interpretation of statutes, the rule is, that the intention of the Legislature is to be collected from the terms used : but the subject matter to which they relate, must be taken into consideration; and to aid us in the interpretation, we may look to the old Ia.w, inquire of the evil which existed, and consider of the remedy to be applied. For the same reasons, and by the same rule, we must judge of the execution of a power derived from a statute, and take care, that in the manner it is so executed, as that the intention of the law giver may be fulfilled. It is also a settled principle, that no one concerned in the administration of justice, whether judicially, or ministerially, shall be permitted to act in his own cause, unless by actual enactment, of which ho example that I now recollect exists: ,not that the power may not be sufficiently general, nor because the party may not act with the utmost fairness, and in accordance with the law; but because it is unwise, and unsafe, to confide in any one a power, in the execution of which, he is *425 surrounded with temptations, which all experience shews mere humanity to be incapable of resisting. The influence of interest is all-controlling; and it is wise, therefore, that all who act under legal authority, should be divested of it. The principle is not one limited by rule, or restrained by exceptions; but, like the laws of nature, its application is universal, producing in its operation the utmost harmony and order.
If the husband were himself a judge, or justice of the quorum, would a renunciation of the wife’s dower taken and certified by him, bar her of dower 1 By the terms of the act, he is not expressly prohibited or excepted; but if he were permitted to act, the wife would be exposed to the very influence, against which the law more especially intended to guard her, the control of her husband. And yet it is only by the application ot the foregoing rule that she is protected against it. He will not be permitted to act, because it would be acting officially in a matter, in which he is interested, If the purchaser be a judge, or justice of the quorum, is he competent to take the wife’s renunciation of dower in lands conveyed by the husbabd ? His interest is not less than that of the husband, If for the want of it the husband is obliged to sell at a price, diminished by reason of this outstanding right; it is equally true, that if the renunciation prove ineffectual, the purchaser loses it, with a precarious right of indemnity from the estate of the husband. In any view he has an interest, which renders him unfit to be trusted, for he is exposed to temptations which mankind are not wont to resist. As more directly applicable to the facts of this case, let it be kept in mind, that the renunciation of dower, to operate effectually, must be perfect at the time when it is made; and that suppletory evidence, such as was given in this case, cannot give effect to it, if it was before inoperative.
There is another principle which is equally decisive of this' question. It is a general rule, that the acts of a party cannot be given in evidence for him, as it would enable him to manufacture evidence to suit the occasion. Now it is apparent that the certificate of the judge, or justice of the quorum, an act of his own, is the only evidence of the voluntary assent of the wife' to renounce her dower. Nothing can supply, and nothing su~ *426 persede it; and to allow the purchaser to take the renunciation, would act as a direct violation of the rule.
It is true that the conveyance, in this case, was to Johnson, and that the renunciation of the demandant’s dower, is certified by David Turner: but it is not questioned that the defendants are his children, and that the deed to Johnson, was a trust for them; that the contract for the purchase was made, and the consideration paid by Turner out of his own funds; and that it was intended as a provision for his children, who were then and still are minors. And although we may attempt legal distinctions and refinements, it is apparent that the renunciation of dower was necessary to give effect to his own contract; and that he must have felt the same interest, and acted under the same influence, as if the deed had been made to himself.
But if the question were even more doubtful, I should come to the same conclusion. This, as well as all other powers derived from legal authority, ought to be exercised in a manner, and by persons, Wholly unexceptionable. And the very circumstance, that he who purchased, took the renunciation of dower, and procured it to be conveyed to another, in trust for objects, perhaps the most dear to him, might of itself give rise to a suspicion, that this circuitous mode of conveyance was resorted to, with a view to evade the provisions of the act, and to substitute in its stead the act of the party himself. This may not be, and, in charity I presume, is not, the fact; but. the probability of it furnishes a reason why the renunciation should not have effect.
Colcock, J. concurred.
Richardson, J. I concur upon the last ground.
Motion granted.